

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

FREDERICK DEWAYNE MALONE,     §
§
      Petitioner,     §
§
v.         §     No. 4:15-CV-680-A
§
WILLIAM STEPHENS, Director,     §
Texas Department of Criminal     §
Justice, Correctional     §
Institutions Division,     §
§
      Respondent.     §

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for a writ of habeas corpus pursuant to

28 U.S.C. § 2254 filed by petitioner, Frederick Dewayne Malone, a

state prisoner incarcerated in the Correctional Institutions

Division of the Texas Department of Criminal Justice (TDCJ),

against William Stephens, Director of TDCJ, respondent. No

service has issued upon respondent. After having considered the

pleadings, state court records, and relief sought by petitioner,

the court has concluded that the petition should be summarily

dismissed as successive.

### I. Factual and Procedural History

Petitioner is serving a life sentence without parole on his

2008 Tarrant County conviction for capital murder and three 30-

year sentences on his 2008 Tarrant County convictions for

aggravated robbery with a deadly weapon.  TDCJ's Offender

Information Details, *available at* http://www.tdcj.state.tx.us/

offender_information.  Petitioner has filed two prior federal

petitions pursuant to § 2254, one challenging his capital murder

conviction and one challenging his aggravated-robbery

convictions.  *See Malone v. Stephens,* Civil Action No. 4:13-CV-

718-O (capital murder) (denied on January 2015) & *Malone v.*

*Stephens,* Civil Action No. 4:13-CV-723-A (aggravated robberies)

(dismissed on limitations grounds on December 27, 2013).[1]

Petitioner brings this third petition, again challenging his 2008

Tarrant County conviction(s) for aggravated robbery.  Pet. 2, ECF

No. 1.

## II.  Successive Petition

Rule 4 of the Rules Governing Section 2254 Cases in the

United States District Courts and 28 U.S.C. § 2243 both authorize

a habeas corpus petition to be summarily dismissed.[2]  The Court

---

[1]The court takes judicial notice of the pleadings and state court
records filed in petitioner's prior federal habeas actions.

[2]Section 2243, governing applications for writ of habeas corpus,
provides:

   A court, justice or judge entertaining an application for a
   writ of habeas corpus shall forthwith award the writ or issue an
   order directing the respondent to show cause why the writ should
   not be granted, *unless it appears from the application that the*

of Appeals for the Fifth Circuit recognizes a district court's authority under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999).  From the face of the instant petition and court records, it is apparent that this is a second or successive petition.  *See* 28 U.S.C. § 2244(b)(1); *In re Flowers,* 595 F.3d 204, 205 (5th Cir. 2009) (explaining that a petition is successive when the claims raised "were or could have been raised in [the] first" petition).

Title 28 U.S.C. § 2244(b) requires dismissal of a second or successive petition filed by a state prisoner under § 2254 unless specified conditions are met.  28 U.S.C. § 2244(b)(1)-(2). Further, before a petitioner may file a successive § 2254 petition, he must obtain authorization from the appropriate court

---

*applicant or person is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

Rule 4 of the Rules Governing Section 2254 Cases provides:

The original petition shall be promptly presented to a judge of the district court in accordance with the procedure of the court for the assignment of its business.  The petition shall be examined promptly by the judge to whom it is assigned.  *If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.*

Rules Governing Section 2254 Cases, Rule 4 (emphasis added).

3

of appeals.  28 U.S.C. § 2244(b)(3)(A).

    Petitioner has not demonstrated that he has obtained leave to file this petition from the Fifth Circuit Court of Appeals. Thus, this court is without jurisdiction to consider the petition.  *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997); *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).

    For the reasons discussed herein,

    The court ORDERS that the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as successive.  The court makes no ruling on petitioner's pending motions.

    Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not demonstrated that the Fifth Circuit has authorized him to file a successive petition nor has he made a substantial showing of the denial of a constitutional right.

    SIGNED September 15, 2015.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE

4